E. BRYAN WILSON
Acting United States Attorney

RYAN D. TANSEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: Ryan.Tansey@usdoj.gov

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:21-cr-00020-RRB-SAO ) |
| TIMOTHY DANIEL ABBOTT, | ) ) |
| Defendant. | ) ) |

## PRE-TRIAL DIVERSION AGREEMENT

This document in its entirety contains the terms of the agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

## I.     INTRODUCTION

I, TIMOTHY DANIEL ABBOTT, the defendant, have discussed this Pre-Trial Diversion Agreement with my attorney and agree that this document contains all of the agreements made between me and the United States regarding my decision and participation in Pre-Trial Diversion, as described herein. The United States has not made me any other promises and I enter into this agreement voluntarily.

I understand and agree that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. I understand that the United States, in its sole discretion, will determine whether I have breached this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may proceed with prosecution, including filing new or additional criminal charges.

## II.    CHARGES AND FACTUAL BASIS

### A.    Charge

1. The defendant is charged by Information with the following **crime(s):**

Count 1: False Statement to Obtain FAA Registration, in violation of 49 U.S.C. § 46306(b)(4).

### B.    Elements

The elements of the charge(s) contained in the Information are as follows:

1. The Defendant obtained or caused to be obtained an owner's certificate of registration for a U.S. aircraft by falsifying or concealing a material fact, by making a false, fictitious or fraudulent statement, or by making or using a false document knowing it contains a false, fictitious, or fraudulent statement or entry;

2. The falsity concerned a material matter;

3. The defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his/her conduct was unlawful;

4. The aircraft was not used to provide air transportation, meaning foreign air transportation, interstate air transportation, or the transportation of mail by aircraft.

C. **Stipulated Factual Basis**

I admit to the truth of the following statement, and the parties stipulate that, in the event that the defendant breaches this agreement, this statement will be admissible against the defendant at any hearing or trial:

In or about November 2019, Timothy Abbott submitted a Federal Aviation Administration ("FAA") application for registration of a Kitfox airplane, tail number N596AK. The application included a bill of sale dated October 28, 2019. The bill of sale identified David L. Miller as the "owner" of N596AK. In truth and fact, David L. Miller

was the last registered owner of the aircraft. The bill of sale purported to transfer all of David L. Miller's right, title, and interest in and to N596AK to Abbott.

Mr. Miller signed an "Aircraft Purchase Agreement" dated October 29, 2019 indicating, in relevant part, that "I sold this aircraft about 15 years ago and have no information regarding it since the sale. Therefore, I have no knowledge regarding any liens, loans, or other debts currently held against the plane." The Aircraft Purchase Agreement purported to transfer ownership of the aircraft to Timothy Abbott in exchange for $1.00.

Abbott submitted the bill of sale to the FAA as his evidence of aircraft ownership for purposes of his registration application. Abbott did not submit the "Aircraft Purchase Agreement" to the FAA. Abbott submitted the bill of sale with his registration application with full knowledge that Mr. Miller previously sold the aircraft to Joe Burnham, who never recorded his interest in the aircraft, and that Mr. Miller notified the FAA of the sale to Burnham on or about June 28, 2008 in a Triennial Registration Report.

Based on representations in Abbott's registration application, the FAA issued Abbott a registration certificate for N596AK/N114GK.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The statutory penalties applicable to the charge(s) contained in the Information, based on the facts to which the defendant had admitted above, are as follows:

Count 1: False Statement to Obtain FAA Registration

1) 3 years' incarceration;

2) $250,000 fine;

3) $100 mandatory special assessment; and

4) 1 year of supervised release.

## III. WAIVER OF RIGHTS

I waive the following rights, which I have discussed with my attorney, who has answered any questions I have about the significance of these waivers.

### A. Waiver of Right to Presentation to Grand Jury

I understand that I am currently charged with a felony offense, and that I have a right to be charged by an indictment returned by the grand jury, which must find probable cause that I committed the offenses alleged in the Information. Ordinarily, this indictment must be filed within 30 days after arrest or service of summons upon me. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury. I further am aware of the nature of the charges, as set forth above, and of my right to remain silent in the face of these charges. Knowing these things, I agree to waive my right to have the United States present the charges contained in the indictment to a grand jury and will sign a written waiver of indictment. I make this waiver freely and voluntarily, and no one has threatened, coerced, or made promises in connection with this waiver.

### B. Speedy Trial Waiver

I understand that I have the right to a speedy and public trial under the Sixth Amendment to the United States Constitution and the Speedy Trial Act. Under the Speedy Trial Act, a trial must commence within 70 days after the later of (1) the date of the information or (2) the date of my initial appearance on the charges. However, I agree to and consent that any delay from the date of this Agreement to the date of reinstatement of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this agreement. I understand that the purpose of any delay is to allow me to demonstrate my good conduct, which time is excludable from a Speedy Trial Act calculation pursuant to Title 18, United States Code § 3161(h)(2).

C. Waiver of Fed. R. Evid. 410 and Fed. R. Crim. P. 11(f)

I understand and agree that the Stipulated Factual Basis contained above in Section II.C. of this agreement shall be treated as my admission of facts and that the United States may use these factual admissions against me in any future court proceeding, trial, or sentencing. I understand that, ordinarily, statements made in the course of plea discussions, including oral and written statements, may not be used against a defendant during a later criminal case. I agree to waive these rights, and I agree that the

Stipulated Factual Basis section of this agreement shall be admissible as evidence against me in any future court proceeding. This provision acts as a modification, and express waiver, of my rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

IV. **CONDITIONS OF PRETRIAL DIVERSION**

    A. **The Defendant Agrees to the Following General Conditions of Pretrial Diversion**

        1. I will not violate any federal, state, or local law. I will immediately advise the U.S. Pretrial Services Office if I am arrested, stopped, questioned by, or have any other contact with any law enforcement officer.

        2. I agree to follow all other conditions of the pre-trial release ordered by the Court in my case, as well as any special conditions described below.

    B. **Special Conditions Required of the Defendant**

        1. Upon the Court's acceptance of this agreement, I agree to permanently relinquish my law enforcement officer certification and credentials, and to permanently resign from the Alaska State Troopers.

V. **AGREEMENTS BY THE UNITED STATES**

    A. **Period of Deferred Prosecution**

The United States agrees that prosecution in this District for the offenses identified herein shall be deferred for a period of 12 months from the date that this agreement is

Pre-trial Diversion Agreement
United States v. Abbott
Page 7 of 9
Case 4:21-cr-00020-RRB-SAO   Document 3   Filed 10/20/21   Page 7 of 9

accepted by the Court to establish the defendant's good conduct and ability to comply with the terms of this agreement.

B. **Violation of Agreement**

If the defendant violates any of the terms or conditions of this Agreement, the United States may, acting in its sole discretion, revoke this Agreement and proceed with prosecution of the currently filed charges and/or any other criminal charges. The United States may also elect, at its sole discretion, to extend the period of the defendant's supervision to 18 months.

While the determination that the defendant violated this Agreement cannot be challenged in Court, the United States will consult with the U.S. Pretrial Services Office and act in good faith in determining whether the defendant has violated this agreement.

C. **Successful Completion of Diversion Program**

If the defendant successfully completes the Pretrial Diversion program and fulfills all of the terms and conditions of this Agreement, the United States will move to dismiss the criminal charges [TA] identified in this agreement that have been filed against the [03/11/21] defendant, and the defendant will be released from supervision.

DATED: 03/11/2021         _Timothy Daniel Abbott_
                          Timothy Daniel Abbott
                          Defendant

As counsel for the defendant, I have discussed with the terms of this agreement with the defendant, have fully explained the charge(s) in the Information, the elements, as

well as the waiver of rights set forth in this agreement. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement. I know of no reason to question the defendant's competency to make these decisions.

DATED: 3/11/21

_____
KEVIN FITZGERALD
Attorney for Timothy Daniel Abbott

//

//

//

//

//

On behalf of the United States, I acknowledge the United States' responsibilities under this Agreement and agree to abide by its terms.

DATED: 3/15/2021

_____
RYAN D. TANSEY
Assistant U.S. Attorney

DATED: 03/15/2021

_____
E. BRYAN WILSON
Acting United States Attorney

Pre-trial Diversion Agreement
United States v. Abbott